United States Bankruptcy Court
Eastern District of Pennsylvania

In re:                                                                 Case No. 19-11489-amc
Robert J. McGrody, Jr.                                                 Chapter 13
Teresa M. McGrody
        Debtors

# CERTIFICATE OF NOTICE

District/off: 0313-2          User: Stacey              Page 1 of 1                Date Rcvd: Oct 24, 2019
                              Form ID: pdf900           Total Noticed: 4

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Oct 26, 2019.
db/jdb         +Robert J. McGrody, Jr.,    Teresa M. McGrody,    2017 Bleigh Avenue,
                 Philadelphia, PA 19152-4201

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: megan.harper@phila.gov Oct 25 2019 03:31:01     City of Philadelphia,
                 City of Philadelphia Law Dept.,   Tax Unit/Bankruptcy Dept,   1515 Arch Street 15th Floor,
                 Philadelphia, PA  19102-1595
smg             E-mail/Text: RVSVCBICNOTICE1@state.pa.us Oct 25 2019 03:30:30
                 Pennsylvania Department of Revenue,   Bankruptcy Division,   P.O. Box 280946,
                 Harrisburg, PA  17128-0946
smg            +E-mail/Text: usapae.bankruptcynotices@usdoj.gov Oct 25 2019 03:30:40     U.S. Attorney Office,
                 c/o Virginia Powel, Esq.,   Room 1250,   615 Chestnut Street,   Philadelphia, PA 19106-4404
                                                                                               TOTAL: 3

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                          TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 26, 2019                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on October 24, 2019 at the address(es) listed below:
          ERIK B. JENSEN    on behalf of Debtor Robert J. McGrody, Jr. akeem@jensenbagnatolaw.com,
           gilberto@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com
          ERIK B. JENSEN    on behalf of Joint Debtor Teresa M. McGrody akeem@jensenbagnatolaw.com,
           gilberto@jensenbagnatolaw.com;mjmecf@gmail.com;jensener79956@notify.bestcase.com
          JACK K. MILLER    on behalf of Trustee WILLIAM C. MILLER, Esq. philaecf@gmail.com,
           ecfemails@ph13trustee.com
          KEVIN G. MCDONALD    on behalf of Creditor    LAKEVIEW LOAN SERVICING, LLC bkgroup@kmllawgroup.com
          United States Trustee    USTPRegion03.PH.ECF@usdoj.gov
          WILLIAM C. MILLER, Esq.    ecfemails@ph13trustee.com,   philaecf@gmail.com
                                                                                               TOTAL: 6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Robert J. McGrody Jr.<br>Teresa M. McGrody<br>　　　　　Debtors | CHAPTER 13 |
| LAKEVIEW LOAN SERVICING, LLC<br>　　　　　Movant<br>vs. | NO. 19-11489 AMC |
| Robert J. McGrody Jr.<br>Teresa M. McGrody<br>　　　　　Debtors | 11 U.S.C. Section 362 |
| William C. Miller, Esquire<br>　　　　　Trustee | |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1.  The post-petition arrearage on the mortgage held by the Movant on the Debtor's residence is **$4,408.80,** which breaks down as follows:

| | |
|---|---|
| Post-Petition Payments: | August 2019 to October 2019 at $1,469.60/month |
| **Total Post-Petition Arrears** | **$4,408.80** |

2.  The Debtor shall cure said arrearages in the following manner:

    a). On or before October 31, 2019, the Debtor shall cure the post-petition arrears in the amount of **$4,408.80;**

3.  Beginning with the payment due November 1, 2019 and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,469.60 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

4.  Should Debtor provide sufficient proof of payments made, but not credited (front & back copies of cancelled checks and/or money orders), Movant shall adjust the account accordingly.

5.  In the event the payments under Section 3 above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, Movant may file a Certification of Default

with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(3).

6. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 8, 2019

By: /s/ Kevin G. McDonald, Esquire
Attorney for Movant

Date 10/11/2019

Erik B. Jensen, Esquire
Attorney for Debtors

Date: 10-15-19

William C. Miller, Esquire
Chapter 13 Trustee

No objection

Approved by the Court this 24th day of October, 2019. However, the court retains discretion regarding entry of any further order.

Bankruptcy Judge
Ashely M. Chan