UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
ROBERT J. MCGRODY, JR.  NO. 19-11489 AMC
TERESA M. MCGRODY  CHAPTER 13

LIMITED OBJECTION OF FORD MOTOR CREDIT COMPANY, LLC
TO CONVERSION OF CASE TO CHAPTER 7
Reference to Order dated January 21, 2020 [Doc 76]

Ford Motor Credit Company, LLC ("Ford Credit"), raises a limited objection to conversion of this case to Chapter 7, assigning the following reasons:

1.  Ford Credit had a purchase money security interest in a 2016 Ford Econoline motor vehicle ("Vehicle") owned by Debtors.

2.  After inquiry by Debtors, on or about July 5, 2019, Ford Credit received the sum of $19,067.85 ("Funds"), in order to pay off the purchase money loan contract dated September 23, 2015.

3.  Consequently, as required by law it released the lien from the Certificate of Title and Debtors came to own the Vehicle free and clear of the Ford Credit lien[1].

4.  Subsequently Debtors filed a Motion seeking turnover of the Funds from Ford Credit.

5.  Ford Credit was not properly served with the Turnover Motion and an Order directing turnover was entered by default.

6.  Reference is made to the Motion of Ford Motor Credit Company for Relief from the Turnover Order [Doc. 66] ("Relief Motion") which is incorporated by reference. As set forth in the Relief Motion, not only was Ford Credit not properly served with the Turnover Motion, notice of the Order was sent to a payment lockbox address rather than known business addresses for Ford Credit with whom Debtors' counsel had specific communications.

7.  It appears that possibly money was tendered to Ford Credit in violation of bankruptcy rules, but not in violation of contract law. Any such violation apparently the result solely of Debtors and/or its counsel and in no way a result of any improper action, knowledge or knowing acquiescence of Ford Credit.

8.  At all times Ford Credit acted in good faith and at the request of Debtors.

9. Ford Credit objects to the conversion to Chapter 7 to the extent that a Chapter 7 Trustee might have any right to seek recovery of the tendered Funds as recovery would result in unjust enrichment to both Debtors and a bankruptcy estate.

10. Immediately prior to the tender of the Funds Debtors' Bankruptcy Estate did not have an asset of any value in excess of the Ford Credit lien and any possible exemption available to Debtors.

11. Receipt of the Funds did not in any way diminish the bankruptcy estate; indeed, it created a valuable asset that would otherwise be unavailable to a bankruptcy estate.

12. Ford Credit received no more than it would have in a Chapter 7 on account of its lien.

13. Ford Credit's the lien has been terminated and the value of the Vehicle has undoubtedly depreciated. A lien cannot be re-imposed on the Vehicle nor can the Debtors or any trustee provide adequate protection of Ford Credit's secured interest if Funds are to be turned over (particularly if the Vehicle is no longer owned by Debtors).

14. The Court should determine Ford Credit's obligations to turn over Funds while the case remains in Chapter 13 because Ford Credit surrendered its secured interest and gave value to Debtor, unlike other creditors possibly subject to turnover.

WHEREFORE, Ford Motor Credit Company, LLC prays this Honorable Court to enter an Order determining its obligations under the turnover Order prior to conversion to Chapter 7, if the Court deems conversion appropriate.

DATE: January 23, 2020

GERSHMAN LAW OFFICES, PC

_____
HOWARD GERSHMAN, ESQUIRE
610 York Road, Suite 200
Jenkintown, PA 19046
(215) 886.1120

---

[1] Ford Credit is unaware of the present whereabouts or even ownership of the Vehicle. Debtors may well have sold or transferred it to a bona fide purchaser, possibly in connection with the sale of the Pepperidge Farm asset.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
   ROBERT J. MCGRODY, JR.                          NO. 19-11489 AMC
   TERESA M. MCGRODY                                CHAPTER 13

CERTIFICATION OF SERVICE OF LIMITED OBJECTION
OF FORD MOTOR CREDIT COMPANY TO CONVERSION OF CASE TO CHAPTER 7

I hereby certify that a true and correct copy of the Limited Objection of Ford Motor Credit Company to Conversion of Case to Chapter 7 was served upon the following persons by first class mail posted this date:

Jack Miller, Esquire
PO Box 1229
Philadelphia, PA  19105

Office of the US Trustee
200 Chestnut Street, Suite 502
Philadelphia, PA  19106

Shawn M. Rodgers, Esquire
Goldstein Partner LLC
11 Church Road
Hatfield, PA 19440

Erik B. Jensen, Esquire
Jensen Bagnato, PC
1500 Walnut Street, Suite 1920
Philadelphia, PA  19102

Date:  January 23, 2020

GERSHMAN LAW OFFICES, PC

_____
HOWARD GERSHMAN, ESQUIRE
610 York Road, Suite 200
Jenkintown, PA 19046
(215) 886.1120