IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE:<br><br>ROBERT J. MCGRODY, JR.,<br>TERESA M. MCGRODY<br><br>Debtors, | Case No.: 19-11489-AMC<br><br>Chapter 13 |

### [PROPOSED] STIPULATION TO RESOLVE CLAIM OF CREDITOR, THE ROBERT D. MATTISON TRUST

The Robert D. Mattison Trust (the "Mattison Trust"), and its co-trustees Michael Cocozza and Shawn Mattison (collectively, "Mattison Trustees"), by and through their undersigned counsel, Goldstein Law Partners, LLC, hereby enter into the following STIPULATION with Debtors, Robert and Teresa McGrody ("Debtors"), and the Standing Trustee, William C. Miller, Esq. ("Bankruptcy Trustee"). This STIPULATION resolves the Proof of Claim for $200,000.00 filed against the Bankruptcy Estate by the Mattison Trust on October 29, 2019, as a secured creditor. In support of thereof, the Mattison Trust, the Debtors and the Bankruptcy Trustee agree to ENTER and STIPULATE to the following:

**I.     Factual and Procedural Background**

*Commencement of the McGrody Bankruptcy Petition*

1.     On March 11, 2019, Debtors filed a voluntary bankruptcy petition ("Bankruptcy Petition") (ECF No. 1) under Chapter 13 of the Bankruptcy Code.

2.     Debtors failed to list the Mattison Trust as a creditor on Debtors' initial Bankruptcy Petition (including the Matrix filing), despite the existence of a Secured Promissory

Note owed by Debtors for the benefit of the Trust in an amount in excess of $200,000.00. *See* Proof of Claim (16-1), dated 10/29/2019.

3. Specifically, Debtors executed the Secured Promissory Note ("Secured Ternbob Promissory Note" or "Note") on August 28, 2014, for the benefit of the Trust in excess of $200,000.00. *See* (ECF No. 90, Supplemental Response to Order to Show Cause by Robert D. Mattison Trust) (Exhibit "A", Secured Ternbob Promissory Note, 8/28/2014).

4. As a result of Debtors' failure to notify the Mattison Trust of Debtors' Chapter 13 Bankruptcy Petition, the Mattison Trust was unable to file a timely Proof of Claim with this Court. The Court took judicial notice of this fact during the hearing of February 25, 2020.

5. In fact, Debtors did not serve the Mattison Trust with written notice of Debtors' bankruptcy filing until after this Court entered its September Order, directing the Trust to turn over $160,000.00 to the Bankruptcy Estate.

6. Debtors purportedly sent a copy of their Motion to Turn Over Funds (ECF No. 44) to the Mattison Trust through the U.S. mail on August 29, 2019 (ECF No. 45); however, the Mattison Trust never received such notice through either regular U.S. Mail or electronic means.

7. Debtors identified an out-of-use secondary address for the Trust in their Notice (ECF No. 45) filed with the Court; if any such notice was mailed, Debtors apparently sent it to this address erroneously.

8. Likewise, neither the Debtors nor the Bankruptcy Trustee provided written notice of the bankruptcy filing to the Mattison Trust until after deadlines had expired (i) for filing a complaint to challenge the dischargeability of certain debts by July 14, 2019, and (ii) for filing a proof of claim by May 20, 2019. *See* ECF No. 17 (Notice of Debtor's Chapter 13 Bankruptcy Case, Form 309I).

9. Despite the exercise of reasonable diligence, the Mattison Trust lacked the requisite notice of its rights as a secured creditor in order to file a timely proof of claim in accordance with the Chapter 13 Plan filed on May 2, 2019 (ECF No. 14).

*Debtors' Motion to Turn Over Funds*

10. On May 30, 2019, Debtors filed a Motion to Sell Rights to Distribute Products of Pepperidge Farm (ECF No. 21), with a request to expedite the motion filed a few days later (ECF No. 23).

11. The original Chapter 13 Plan (ECF No. 14) failed to acknowledge or include the amounts that Debtors owe to the Mattison Trust under the Secured Ternbob Promissory Note; and therefore the original Plan did not account for the secured claim of the Mattison Trust (including interest and fees accrued).

12. The Mattison Trust had no written notice of the bankruptcy and thus no knowledge that it needed to file a timely proof of claim to protect its rights. *See* ECF No. 14.

13. On August 29, 2019, Debtors filed a Motion to Turn Over funds (ECF No. 44) – funds that Debtors distributed following the sale of their business – to the Bankruptcy Trustee.

14. Debtors' Motion (ECF No. 44) targeted the Mattison Trust and sought to disgorge $160,000.00, despite failing to give the Trust notice of either the bankruptcy or the turnover request.

15. On September 17, 2019, Judge Ashley M. Chan granted Debtors' Motion and, *inter alia*, directed the Mattison Trust to turn over $160,000.00 to the Bankruptcy Trustee within twenty (20) days of entering the Order. *See* ECF No. 49.

16. Debtors provided the Mattison Trust with notice of the September Order only after the Court granted the turnover request, demanding payment of $160,000.00.

17. Debtors' counsel sent a letter to the Mattison Trust dated December 10, 2019, once again demanding payment of the specified $160,000.00 amount and threatening sanctions if the Trust did not comply with the order. *See* (ECF No. 81, Response to Order to Show Cause by Robert D. Mattison Trust) (Exhibit "A", Letter from Debtors' counsel dated December 10, 2019).

*The Mattison Trust Filed a Proof of Claim as a Secured Creditor and
Rule 60(b) Motion for Relief from the Turnover Order*

18. Debtors recognize that the record and the applicable law establish that the Mattison Trust's Claim against the Debtors' Estate is secured by, *inter alia*, Teresa McGrody's beneficial interest in the Trust.

19. The Bankruptcy Trustee does not consent to the fact that the Mattison Trust holds a secured claim against the Bankruptcy Estate; however, with respect to this stipulation only, the Bankruptcy Trustee recognizes that the Mattison Trust holds a secured claim.[1]

20. The Secured Ternbob Promissory Note describes the Debtors' beneficial interest in the Robert D. Mattison Trust as one form of collateral, serving as a security interest for the amount due under the Note.

### I. SECURITY

*As security for the prompt and full payment and performance of all of the Obligations,* and as security for the prompt and full performance of all of the obligations of the Assignor under this Agreement and all of the Obligations of the Assignor, the Borrower and/or any third party under the Notes, all of the other Financing Documents and the Forbearance Documents, whether now in existence or hereafter created and whether joint, several, or both, primary, secondary, direct, contingent or otherwise, *the Assignor hereby pledges, assigns and grants to the Lender a first priority security interest in, assignment of, and lien on, the*

---

[1] In the event that this Stipulation is challenged or otherwise not approved, entered or agreed upon, the Mattison Trust reserves the right to raise the issue of its proper status as a secured creditor of the Bankruptcy Estate before this Court and any other appropriate tribunal, including on appellate review.

>    *following property of the Assignor (collectively, the "Collateral"),* whether now existing or hereafter created or arising:
>
>    \* \* \* \* \*
>
>    (e)  *all distributions, whether made or due, attributable to any beneficial share of the Robert Mattison Trust owned by any Borrower.*

Exhibit A (Secured Ternbob Promissory Note, 8/28/2014, at ¶ I.e.) (emphasis added).

21. The Mattison Trust has maintained possession of all money and assets stored as the *res* of the Trust, including those assets that constitute Teresa McGrody's beneficial interest.

22. The Mattison Trust acknowledges that it did not file a lien (under the Uniform Commercial Code, or otherwise) on any of the property delineated as Collateral within the Secured Ternbob Promissory Note.

23. Debtors acknowledge that the Mattison Trust, nonetheless, is properly considered a secured creditor of the Bankruptcy Estate under Pennsylvania law and the Bankruptcy Code.

24. The Bankruptcy Trustee does not consent to the fact that the Mattison Trust holds a secured claim against the Bankruptcy Estate; however, with respect to this stipulation only, the Bankruptcy Trustee recognizes that the Mattison Trust holds a secured claim.[2]

25. Debtors further acknowledge that, as the largest secured creditor, the Mattison Trust would be entitled to recoup its claim before any unsecured creditors would be entitled to any payments from the bankruptcy estate.

26. Debtors owe in excess of $200,000 pursuant to the Secured Ternbob Promissory Note, of which the $160,000.00 amount received by the Mattison Trust from Debtors in July 2019 represents only a portion of the total amount owed.

---

[2] In the event that this Stipulation is challenged or otherwise not approved, entered or agreed upon, the Mattison Trust reserves the right to raise the issue of its proper status as a secured creditor of the Bankruptcy Estate before this Court and any other appropriate tribunal, including on appellate review.

27. On January 20, 2020, the Mattison Trust filed both (i) an Objection to the Confirmation of the Chapter 13 Plan (ECF No. 70), and (ii) a Rule 60(b) Motion for Relief from the Turn Over Order entered September 17, 2019 (ECF No. 71).

28. Therein, the Mattison Trust contended, *inter alia*, that it would suffer undue prejudice if it were compelled to turn over $160,000.00, as Debtors' failure to provide the requisite notice of their bankruptcy filing prevented the Trust from (i) filing a timely proof of claim; (ii) challenging the dischargeability of the debt it holds; and (iii) defending against the entry of the September Turn Over Order.

**II.    Stipulated Resolution of the Mattison Trust's Proof of Claim**

29. The Mattison Trust shall retain $130,000.00 of the $160,000.00, which Debtors transferred to the Trust following the sale of Debtors' business.

30. The Mattison Trust will transfer the $30,000.00 difference (from the amount received from Debtors) to the Bankruptcy Trustee for inclusion in the Bankruptcy Estate. The Bankruptcy Trustee shall provide transfer instructions to the Mattison Trust.

31. The $30,000.000 amount, which is transferred to the Bankruptcy Estate, shall be used by the Bankruptcy Trustee (i) for payments to creditors in accordance with a new proposed Chapter 13 Plan; and (ii) for other costs and fees associated with the Bankruptcy Estate and its administration.

32. The Mattison Trust reserves the right to withhold monthly payments from Debtor, Teresa McGrody, which are ordinarily provided from Trust assets, as a means of recouping the remainder of the debt owed under the Secured Ternbob Promissory Note in excess of the $130,000 retained (plus costs and expenses of this litigation). The Mattison Trust and its co-

Trustees shall negotiate privately with Debtor, Teresa McGrody, a schedule under which these payments shall be withheld.

Accordingly, for all the foregoing reasons, the parties agree to ENTER this STIPULATION onto the docket of the above-captioned matter. The arrangement described in the preceding paragraphs shall resolve the secured claim of the Robert D. Mattison Trust as against the Bankruptcy Estate of Debtors, Robert and Teresa McGrody.

/s/ Shawn M. Rodgers
Shawn M. Rodgers, Esquire
GOLDSTEIN LAW PARTNERS, LLC
11 Church Road
Hatfield, PA 19440
(tel) 610.949.0444
(fax) 215.257.1910
srodgers@goldsteinlp.com

*Counsel for Secured Creditor
The Robert D. Mattison Trust*

Erik B. Jensen, Esq.
JENSEN BAGNATO, PC
1500 Walnut Street
Suite 1920
Philadelphia, PA 19102
erik@jensenbagnatolaw.com

*Counsel for Robert and Teresa
McGrody, Debtors*

/s/Jack Miller
William C. Miller, Trustee
P.O. Box 1229
Philadelphia, PA 19105
jmiller@ph13trustee.com

*Standing Trustee*

**Dated:**

_____
**UNITED STATES BANKRUPTCY
COURT**

7